Nicholson, C. J.,
delivered the opinion of the court..
The bill in this case is filed to enjoin a judgment rendered in the Circuit Court of Hancock county in favor of Riley against Kyle and others for about $900.. The judgment was given on a note of $800, executei! in part consideration for a slave sold by Riley to Kyle and Branner in 1860. No defense was made to the note, and the reaspn for not relying on the defense of fraud in representing the slave to be sound, is that when the court was held in 1863, it was dangerous for union men to travel through the country to Sneedville, and that there was a general suspension of attention to business in court by a kind of tacit consent among parties. The bill charges that the de *231 fendant represented the slave to be sound, and that complainants, trusting to the representation, purchased and agreed to give a sound price. But they charge-that the slave was unsound at the time of the sale,, and that defendant’s representation was false and fraudulent. They charge that the slave became so diseased that in 1862 he was sold by them for about $600 in depreciated confederate money. • ■
Defendant answered that if complainants had any defense they could have made it at law, as there was no obstacle to their attending court and making that defense; and he relies upon their failure to defend at law by way. of demurrer incorporated in his answer. He admits the sale, and denies any fraud in the sale, but insists that the slave was souDd at the time of the sale. Defendant waived his defense by demurrer by failing to invoke the action of the court thereon, .but proceeding to trial on the merits. Having waived his defense by objection to the jurisdiction, the defendant was compelled to try on the merits of his case.
Complainants alleged that defendant falsely represented the slave to be sound at the time of the sale. Defendant does not respond directly to this allegation, but he denies that negro was diseased when complainants bought him, and that if he was diseased he contracted the disease after the sale. No exception was taken to the answer, but the parties prepared for trial on the issue as to the question of soundness or unsoundness at the time of sale. The evidence of complainants shows that the negro was unsound sometime *232 after the sale, and that he continued unsound for a year or two, when he was sold for $600 in confederate' money; but none of complainant’s evidence has reference to the condition of the negro at the date of the sale, nor is there any evidence from which it could be inferred with any certainty that he was unsound at that time.
On the other hand, the defendant proves by many witnesses acquainted with the negro for years, that down to the date of the sale he was regarded as a sound and healthy negro.
Upon the whole evidence we concur with the Chancellor, that complainants have failed to sustain the allegations of their bill, and affirm his decree.